Ramiro **MEDRANO–RAMIREZ;** Natividad Sambrano de Medrano, Petitioners,

v.

John **ASHCROFT,** Attorney General, Respondent.

No. 03–72727.

United States Court of Appeals, Ninth Circuit.

Submitted April 12, 2004.*

Decided April 27, 2004.

Charles E. Nichol, Esq., Law Office of Charles E. Nichol, San Francisco, CA, for Petitioners.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, Richard M. Evans, Esq., Carl H. McIntyre, Jr., DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: O'SCANNLAIN, RYMER, and BEA, Circuit Judges.

MEMORANDUM **

Ramiro Medrano–Ramirez and Natividad Zambrano de Medrano, natives and

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal of the immigration judge's ("IJ") denial of their applications for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review claims of due process violations in immigration proceedings de novo, *Lopez–Urenda v. Ashcroft,* 345 F.3d 788, 791 (9th Cir.2003), and we deny the petition for review.

Petitioners challenge the IJ's denial of cancellation of removal on due process grounds, based on the manner in which the IJ conducted their removal hearing. The Petitioners' contention that the IJ deprived them of a full and fair hearing fails, however, because Petitioners do not show that any interference with their counsel's ability to conduct direct examination resulted in prejudice. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (holding that an alien asserting a due process claim in deportation proceedings must demonstrate prejudice).

Ultimately, the record does not show that the proceedings were "so fundamentally unfair that the alien was prevented from reasonably presenting his case." *Reyes–Melendez v. INS,* 342 F.3d 1001, 1006 (9th Cir.2003) (citation and internal quotation marks omitted). Nor do Petitioners satisfy their burden of alleging that the alleged violation potentially effected the outcome of the proceedings. *See Ramirez–Alejandre v. Ashcroft,* 319 F.3d 365, 383–84 (9th Cir.2003) (en banc). Thus, the IJ's conduct did not violate Petitioners' due process rights.

Pursuant to *Desta v. Ashcroft,* No. 03–70477, petitioner's motion for stay of removal included a timely request for stay of voluntary departure. Because the motion for stay of removal was granted, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

